Slip Op 07 - 98

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| DENTAL EZ, INC., | : | |
| Plaintiff, | : | |
| v. | : | Before: **MUSGRAVE, Judge** |
| | : | Court No. 07-00029 |
| UNITED STATES, | : | |
| Defendant. | : | |

**OPINION AND ORDER**

[Defendant's USCIT Rule 12(b)(1) motion to dismiss denied.]

Dated: June 28, 2007

*Barnes, Richardson & Colburn* (*David G. Forgue*, *Nicole A. Kehoskie*), for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Michael David Panzera*); Office of Chief Counsel for Import Administration, United States Department of Commerce (*Jonathan Zielinski*), of counsel, for the defendant.

DentalEZ, Inc., a United States importer, brought this action alleging error in the liquidation instructions issued by the U.S. Department of Commerce, International Trade Administration ("Commerce") to what is now the U.S. Customs and Border Protection[1] ("Customs") after publication of *Ball Bearings and Parts Thereof from France, Germany, Italy, Japan, Singapore, and*

---

[1] *See Name Change From the Bureau of Immigration and Customs Enforcement to U.S. Immigration and Customs Enforcement, and the Bureau of Customs and Border Protection to U.S. Customs and Border Protection*, 72 Fed. Reg. 20131 (Apr. 23. 2007).

*the United Kingdom: Final Results of Antidumping Duty Administrative Reviews*, 70 Fed. Reg. 54711 (Sep. 16, 2005) ("*Final Determination*").

DentalEZ did not participate in the administrative review. Its amended complaint asserts the jurisdiction of this Court pursuant to 28 U.S.C. § 1581(i) and purports that DentalEZ entered ball bearings subject to the administrative review that had been imported between May 1, 2003 and April 30, 2004, the period covered by the *Final Determination*, and that had been manufactured by Barden Corporation (U.K.) ("Barden"). *See* Am. Compl. ¶¶ 1-3, 7, 15. The amended complaint further alleges, *inter alia*, that Barden sold the merchandise to DentalEZ's U.K. affiliate which shipped the merchandise to these United States with Barden's "knowledge at the time of invoicing that its bearings were destined for the United States[,]" that Barden participated in the administrative review, that "Commerce apparently failed to request information from Barden regarding these shipments[,]" and that Commerce issued liquidation instruction to Customs that resulted in the merchandise at issue being liquidated at the "all others" rate despite DentalEZ's request that the merchandise be liquidated at the rate assessed for Barden at the administrative review or, in the alternative, at the cash deposit rate at the time of entry. *See id.* at ¶¶ 8-11, 13-14, 18-19; *see also* Pl.'s Resp. at 4. The essence of DentalEZ's complaint is that Commerce's liquidation instructions were arbitrary, capricious, and not in accordance with law or the terms of Commerce's own regulations at 19 C.F.R. § 351.212(c) or the clarification thereof at *Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties*, 68 Fed. Reg. 23954 (May 6, 2003) ("*Assessment Clarification*"). *See id.* at ¶ 18; 19 C.F.R. § 351.212(c).

To assess the validity of the complaint, a court must look to the true nature of the action when determining jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (citations omitted). Subsection (i) jurisdiction is appropriate when jurisdiction under another subsection of section 1581 is inappropriate or "the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). The government thus moves pursuant to USCIT Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, arguing that DentalEZ in reality is challenging a determination made by Commerce during an administrative review in which DentalEZ was required to participate in order to bring a "proper" judicial challenge of the review pursuant to 28 U.S.C. § 1581(c). The government argues DentalEZ did not avail itself of that "designated statutory path for judicial review" and therefore this matter should be dismissed. Def.'s Mot. to Dismiss at 1. *Cf.* 19 U.S.C. § 1516a(a)(2)(B)(iii); 19 U.S.C. § 1675; 28 U.S.C. § 1581(c).

It is settled that this Court has subject matter jurisdiction over a challenge to Commerce's liquidation instructions pursuant to the "administration and enforcement" language of 28 U.S.C. § 1581(i)(4) as that subsection relates to subsection (2). *E.g.*, *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304, 1305 (Fed. Cir. 2004); *Consolidated Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003). A challenge to liquidation instructions essentially contends that the instructions do not "accurately" (*i.e.*, lawfully) reflect the results of the underlying administrative proceeding. *See, e.g.*, *Corus Staal BV v. United States*, Slip Op. 07-90 (June 5, 2007) (citing *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1302-03 (Fed. Cir. 2003) and *Consolidated Bearings*). In *Consolidated Bearings*, the fact that an importer of subject merchandise from an unrelated reseller

did not participate in an administrative review did not bar the importer from bringing an action to challenge the lawfulness of liquidation instructions that Commerce issued to implement the review's final results. 348 F.3d at 1004. On remand, the court was allowed to consider evidence of Commerce's practice regarding assessment rates for unrelated importers and resellers of subject merchandise who do not participate in an administrative review. *Consolidated Bearings Co. v. United States*, 28 CIT ___, 346 F.Supp.2d 1343 (2004). Similarly, in *Shinyei* the appellate court held that notwithstanding liquidation, subsection 1581(i) jurisdiction was proper for a challenge to the lawfulness of liquidation instructions as the embodiment of the proper application of final review results to antidumping duty assessments on imported merchandise. 355 F.3d at 1310-12.

      DentalEZ claims that it "does not challenge the final results." The government argues the reality of this action is that it does, but the court disagrees and concludes that the "true nature" of DentalEZ's amended complaint is not an action under section 516A of the Tariff Act but simply a challenge to Commerce's liquidation instructions to Customs. The claim concerns only the manner in which Commerce implemented the final results of an administrative review after Commerce supposedly "clarified" its policy in the *Assessment Clarification*. The claim is that the liquidation instructions were unlawful as issued after Commerce failed to make the type of determination promised in the *Assessment Clarification*, to wit, whether Barden did or did not have knowledge that merchandise sold to DentalEZ's U.K. affiliate was destined for the United States. While DentalEZ might have administratively protected the subsidiary issue (*i.e.*, determination of knowledge on the part of Barden) by participating in the administrative review, the *Assessment Clarification* reasonably led it to believe it was not required to do so. Regardless, insofar as DentalEZ only challenges the

Court No. 07-00029          Page 5

lawfulness of the liquidation instructions, there is no "administrative remedy" to exhaust as such. *See* 348 F.3d at 1003-04.

    DentalEZ claims Commerce was required to issue instructions to liquidate its entries at the rate assessed for Barden or alternatively to liquidate at the cash deposit rate at the time of entry, as "promised by" Commerce in the *Assessment Clarification*. *See* Pl.'s Resp. at 4. The government claims the liquidation instructions were entirely consistent with the *Assessment Clarification* and it further implies that Commerce acted affirmatively to find that Barden did *not* have knowledge that merchandise sold to DentalEZ's U.K. affiliate was destined for the United States. Def.'s Reply at 6 ("[h]aving not found..."). That remains to be seen, but all that need be said on the matter at this point is that the government's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction must be, and it hereby is, denied.

    The parties shall confer and provide a proposed scheduling order in accordance with USCIT Rule 16 of fuller briefing on the merits within 10 days from the date of this opinion.

    **SO ORDERED**.

                                                 /s/ R. Kenton Musgrave
                                                 R. KENTON MUSGRAVE, JUDGE

Dated: June 28, 2007
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                       Deputy Clerk